BELL, SHIVAS & FASOLO, P.C.
Joseph J. Bell, Esq. (016881985)
150 Mineral Springs Drive
P.O. Box 220
Rockaway, NJ 07866
(973) 442-7900
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CANDIDA GARCIA, | Civ. No.: |
| | EEOC Case No. 524-2014-00426 |
| Plaintiff, | |
| | |
| v. | |
| | |
| EAST ORANGE GENERAL HOSPITAL, | |
| AL ABOUD, ELIZABETH WILSON-LEE a/k/a CHARLENE WILSON, | |
| LAURA ATKINS, JOHN DOES #1-10 and JANE DOES #1-10, in their official and individual capacities, and ABC CORPS. #1-5, | **PLAINTIFF'S COMPLAINT** |
| | |
| Defendants. | |

Plaintiff Candida Garcia ("Plaintiff"), residing at 318 John Street, City of Elizabeth, County of Union, State of New Jersey 07202, by way of Complaint against Defendants, hereby states as follows:

**INTRODUCTION**

1. This matter involves the retaliation and wrongful termination of Plaintiff Candida Garcia ("Plaintiff") by Defendant East Orange General Hospital ("Defendant EOGH") as a result of unlawful racial discrimination by Defendants in

violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e et seq., the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq., and common law claims under New Jersey law.

2. Plaintiff was an employee at Defendant EOGH who was the victim of a "one-person layoff" on account of her race and in retaliation for her complaints about the discriminatory and hostile work environment to which she was subjected to while working at Defendant EOGH.

3. Defendant EOGH's alleged "legitimate reason" for Plaintiff's termination merely served as pretext for its unlawful retaliation and unceremonious jettisoning of Plaintiff.

4. As a result, Plaintiff filed a claim with the United States Equal Employment Opportunity Commission ("EEOC") in or about February 2014, and received a favorable finding in a determination letter dated February 19, 2016, and a Notice of Right to Sue dated February 24, 2016, where since such time there has been no remedial resolution of this matter. (See Determination Letter and Notice of Right to Sue, attached hereto as Exhibits "A" – "B").

**JURISDICTION**

5. This Honorable Court has jurisdiction over the claims set forth in this Complaint under federal question jurisdiction

pursuant to 28 U.S.C. § 1331.  Plaintiff's causes of action arise primarily under federal law.

6.  This Honorable Court may also exercise supplemental jurisdiction over Plaintiff's State of New Jersey statutory and common law claims pursuant to 28 U.S.C. § 1367(a) because those arise from the same nucleus of operative facts set forth in Plaintiff's Complaint.

## THE PARTIES

7.  Plaintiff Candida Garcia ("Plaintiff") is an individual who is a former employee of the East Orange General Hospital. Plaintiff is Caucasian.

8.  Defendant East Orange General Hospital ("Defendant EOGH") is a hospital located at 300 Central Avenue, City of East Orange, County of Essex, State of New Jersey 07018.

9.  Upon information and belief, and at all relevant times stated herein, Defendant Al Aboud ("Defendant Aboud") has been an employee at Defendant EOGH in the position of Chief Financial Officer.

10.  Upon information and belief, and at all relevant times stated herein, Defendant Elizabeth Wilson-Lee, a/k/a Charlene Wilson ("Defendant Wilson") has been an employee at Defendant EOGH and was a co-worker of Plaintiff.

11.  Upon information and belief, and at all relevant times stated herein, Defendant Laura Atkins ("Defendant Atkins") has

been an employee at Defendant EOGH and was a human resources supervisor during the time of Plaintiff's employment.

12.   Defendants John Does #1-10 and Jane Does #1-10 ("Defendants Does") are as yet unidentified parties who are employees and/or agents of Defendant EOGH and were engaged in discrimination and retaliation against Plaintiff and/or aiding and abetting in any or all of the acts alleged herein.

13.   Defendants ABC Corps. #1-5 ("Defendants ABC Corps.") are any corporations which may be derivatively liable for discrimination, retaliation, and/or other alleged tortious acts against Plaintiff.

### FACTS COMMON TO ALL COUNTS

**Employment and Harassment**

14.   Plaintiff was hired by Defendant EOGH on or about October 12, 2009 as a mid-level manager in the Business Office. During her employment, Plaintiff had an exemplary work performance and a stellar attendance record. (See Plaintiff's performance evaluations, October 2012, October 2011, October 2010, January 2010, attached hereto as Exhibits "C" – "F").

15.   Plaintiff was subjected to pervasive racial discrimination during her employment. Among other things, she was repeatedly referred to as "white rabbit" by African-American co-workers.

16.    Plaintiff was also unable to avoid the hostile environment outside of the office.    For example, she was harassed on social media and chastised by African-American employees for working on Martin Luther King Day.    African-American co-workers referred to her as a "demon" and a "white rabbit" on Facebook and berated her in person.    (See Facebook posts, dated February 2012 and January 2013, from co-worker Elizabeth Wilson-Lee, a/k/a Charlene Wilson, attached hereto as Exhibit "G").

17.    Plaintiff's former supervisor, the Director of Patient Financial Services, Warren Miller ("Mr. Miller"), has witnessed Plaintiff's multiple complaints to multiple supervisors, including complaints in February 2013 and November 2013.

18.    In addition to the aforementioned complaints, Plaintiff also complained to Defendant Atkins regarding Defendant Wilson's discriminatory remarks and conduct shortly before her termination.

19.    Plaintiff complained to supervisors about these events, and other discriminatory and harassing conduct, but her employer, Defendant EOGH, failed to act or remedy the problem, and Plaintiff became trapped in a hostile work environment.    As a result of her race, and in retaliation for complaining about the discriminatory conduct of her co-workers, Plaintiff was terminated from her employment on November 25, 2013.    Upon

information and belief, Defendant Aboud had responsibility in the termination of Plaintiff's employment.

**Pretextual Reasons for Termination**

20.   Defendant EOGH told Plaintiff that the reason for her termination was due to a purported layoff.  (See Charge of Discrimination, attached hereto as Exhibit "H").

21.   Upon information and belief, while Defendant EOGH claims that the driving force behind Plaintiff's termination was lack of seniority, in other departments employees were laid off based on entirely different criteria as many of them were not the least senior members of their respective departments.

22.   Upon information and belief, Defendant EOGH has claimed that Plaintiff was not the victim of a "one-person" layoff because she was terminated along with thirteen (13) other employees in other departments.   However, in the very same context Defendant EOGH has contended that Plaintiff was terminated because she was the least senior member in her department.

23.   Upon information and belief, Defendant EOGH has maintained this position despite the fact that other employees of the purported "thirteen (13) other employees" terminated in other departments were not the least senior employee in their respective departments.  Upon information and belief, Defendant EOGH has attempted to simultaneously claim seniority as the

purported "determining factor" for employee layoffs for one (1) particular department while at the same time claiming that Plaintiff was similarly situated to the other thirteen (13) employees terminated in other departments.

24.     Upon information and belief, Defendant EOGH's purported justification for Plaintiff's termination served as pretext for the actual reasons for same.  Rather, seniority or lack thereof had nothing to do with Defendant EOGH's decision to terminate Plaintiff since the least senior employee was not the person selected for lay-off in other departments.  Moreover, and contrary to misrepresentations made by Defendant EOGH, Plaintiff did complain to supervisors about discrimination and harassment at the workplace.

25.     Upon information and belief, Defendant EOGH crafted special criteria for layoffs specifically and exclusively for the department in which Plaintiff worked.  This, coupled with the temporal proximity between the time Plaintiff complained to supervisors of the discriminatory conduct she faced and the racial remarks and slurs of co-workers, demonstrates that Defendant EOGH's proffered reason for Plaintiff's termination was merely a pretext for discrimination and retaliation.

26.     The reasons offered by Defendant EOGH as justification for Plaintiff's termination are pretext for discrimination and retaliation.  Defendant EOGH's claimed reason for termination of

Plaintiff's employment on the basis of seniority, is in direct contradiction to the manner in which termination took place, and was in fact done on the basis of racial discrimination against Plaintiff and retaliation against Plaintiff for making complaints about being subjected to racial discrimination by her co-workers.

**Race and Retaliation for Complaining**

**About Co-workers' Discriminatory Conduct**

27.   Upon information and belief, Defendants designed and utilized different standards for evaluating the viability of the continued employment of employees such as Plaintiff, which included race and reporting discriminatory conduct, which had a materially adverse effect on Plaintiff's employment.   Plaintiff did not have "practically identical" performance records and scores as similarly situated employees who were not terminated, as Defendant EOGH has misrepresented.   In fact, Plaintiff had superior performance records than other employees who were retained.

28.   Upon information and belief, for example, an African-American mid-level manager in the Business Office, had a poor attendance record, had problems with tardiness, and had other documented performance issues.   Upon information and belief, this employee had poor performance reviews.

29.   African-American employees were given wide latitude in making "any statements they wanted," including racial remarks like those made to Plaintiff, without repercussions.

30.   Plaintiff was terminated from employment mere weeks after complaining to supervisors of a hostile work environment in November 2013.   This temporal proximity between Plaintiff's protected activity and the adverse employment action demonstrates the retaliatory nature of the termination and racial undertone accompanying the same.

**Plaintiff Subjected to Hostile Working Environment**

31.   Plaintiff complained to various members of management about said harassment.   Nevertheless, Defendants failed to respond to Plaintiff's complaints.   Plaintiff was subjected to a hostile work environment as a result of Defendant EOGH's failure to act.

32.   Upon information and belief, Defendant EOGH failed to address Plaintiff's claim of hostile work environment and failed to make use of its own internal policies regarding non-discrimination.   Documented evidence and witness testimony provided to the EEOC establish that Plaintiff was subjected to ongoing and pervasive harassment as a result of her race. Indeed, such evidence ultimately resulted in a positive determination from the EEOC in February 2016.   See Exhibits "A" – "B".

## FIRST COUNT

### (Title VII of the Civil Rights Act of 1964 – Racial Discrimination)

33.   Plaintiff repeats and incorporates each and every preceding paragraph as if set forth at length herein.

34.   Plaintiff was subjected to racial discrimination by her fellow co-workers and was terminated on the basis of her race and in retaliation for complaining about the discriminatory conduct of her co-workers.

35.   The actions described hereinabove, all of which were performed in willful, wanton and reckless disregard of Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

## SECOND COUNT

### (Title VII of the Civil Rights Act of 1964 – Retaliation)

36.   Plaintiff repeats and incorporates each and every preceding paragraph as if set forth at length herein.

37.   Plaintiff was terminated on the basis of her race and in retaliation for complaining about the discriminatory conduct of her co-workers.   Plaintiff was engaging in a protected activity by making such complaints of unlawful behavior of racial discrimination to her supervisors at Defendant EOGH.

38.   The actions described hereinabove, all of which were performed in willful, wanton and reckless disregard of

Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

## THIRD COUNT

### (Title VII of the Civil Rights Act of 1964 – Hostile Working Environment)

39.   Plaintiff repeats and incorporates each and every preceding paragraph as if set forth at length herein.

40.   Throughout her employment with Defendants, Plaintiff was victimized by a work environment that was hostile toward Caucasian employees.   Despite Plaintiff's reports concerning her harassment, which occurred in a severe and pervasive manner, no effective actions or corrective measures were taken by Defendants to protect Plaintiff from being treated in a derogatory manner, harassed, humiliated, and intimidated by her Co-workers.

41.   The actions described hereinabove, all of which were performed in willful, wanton and reckless disregard of Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

## FOURTH COUNT

### (New Jersey Law Against Discrimination – Racial Discrimination)

42.   Plaintiff repeats and incorporates each and every preceding paragraph as if set forth at length herein.

11

43.   Plaintiff was subjected to racial discrimination by her fellow co-workers and was terminated on the basis of her race and in retaliation for complaining about the discriminatory conduct of her co-workers.

44.   The actions described hereinabove, all of which were performed in willful, wanton and reckless disregard of Plaintiff's rights under the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq.

## FIFTH COUNT

### (New Jersey Law Against Discrimination – Retaliation)

45.   Plaintiff repeats and incorporates each and every preceding paragraph as if set forth at length herein.

46.   Plaintiff was terminated on the basis of her race and in retaliation for complaining about the discriminatory conduct of her co-workers.   Plaintiff was engaging in a protected activity by making such complaints of unlawful behavior of racial discrimination to her supervisors at Defendant EOGH.

47.   The actions described hereinabove, all of which were performed in willful, wanton and reckless disregard of Plaintiff's rights under the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq.

## SIXTH COUNT

### (New Jersey Law Against Discrimination – Hostile Working Environment)

48.   Plaintiff repeats and incorporates each and every preceding paragraph as if set forth at length herein.

49.   Throughout her employment with Defendants, Plaintiff was victimized by a work environment that was hostile toward Caucasian employees.  Despite Plaintiff's reports concerning her harassment, which occurred in a severe and pervasive manner, no effective actions or corrective measures were taken by Defendants to protect Plaintiff from being treated in a derogatory manner, harassed, humiliated, and intimidated by her co-workers.

50.   The actions described hereinabove, all of which were performed in willful, wanton and reckless disregard of Plaintiff's rights under the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq.

### SEVENTH COUNT

### (New Jersey Law Against Discrimination – Aiding and Abetting)

51.   Plaintiff repeats and incorporates each and every preceding paragraph as if set forth at length herein.

52.   Defendants, based upon the allegations set forth above, have aided, abetted, incited, compelled, and/or coerced the doing of acts, against Plaintiff, that are forbidden under

13

the Law Against Discrimination, in violation of, among other things N.J.S.A. 10:5-12(e).

## EIGHTH COUNT

### (New Jersey Law – Intentional Infliction of Emotion Distress)

53. Plaintiff repeats and incorporates each and every preceding paragraph as if set forth at length herein.

54. Upon learning through Plaintiff's reports that she was subjected to racial discrimination, Defendants Wilson, Atkins, Aboud, and Does, individually, and Defendant EOGH, vicariously, engaged in a concerted campaign to intentionally inflict emotional distress upon Plaintiff.

55. As a direct and proximate result, Plaintiff has and will continue to suffer permanent and irreparable physical, psychological and financial injuries, losses and tribulations.

## NINTH COUNT

### (New Jersey Law – Negligent Infliction of Emotional Distress)

56. Plaintiff repeats and incorporates each and every preceding paragraph as if set forth at length herein.

57. Upon learning about Plaintiff's reports that she was subjected to racial discrimination, Defendants Wilson, Atkins, Aboud, and Does, individually and in their official capacities negligently or recklessly inflicted emotional distress upon Plaintiff by allowing continued harassing and derogatory comments to be directed at Plaintiff by fellow employees and

ultimately terminating Plaintiff's employment on the basis of reporting such conduct.

58.   As a direct and proximate result of this negligence, Plaintiff has and will continue to suffer permanent and irreparable physical, psychological and financial injuries, losses and tribulations.

## TENTH COUNT

### (New Jersey Law – Vicarious / Derivative Liability)

59.   Plaintiff repeats and incorporates each and every preceding paragraph as if set forth at length herein.

60.   Each and every act or omission alleged in this Complaint to have been committed or omitted by an individual, or a discrete group of individuals, was committed or omitted using the authority given to the person alleged to have committed or omitted the act by the required officers or other supervisors and persons with management authority vested upon them by virtue of their employment with Defendant EOGH.

61.   Defendant EOGH and its officers and employees, and Defendants ABC Corps. and their officers and employees, had a duty to Plaintiff to properly hire, supervise and monitor its employees, to ensure that illegal behavior was not committed, condoned or permitted to continue, either negligently or intentionally.

62.   As a direct and proximate result, of Defendants' acts and omissions, Plaintiff has and will continue to suffer permanent and irreparable physical, psychological and financial injuries, losses and tribulations.

**WHEREFORE,** Plaintiff demands judgment against Defendants, jointly, severally, or in the alternative for equitable damages, including but not limited to, lost wages and back pay, benefits, and interest denied her; compensatory damages, including all losses resulting from Defendants' unlawful actions; pre-judgment and post-judgment interest; punitive damages; statutorily imposed damages; costs of suit, including reasonable attorney's fees as compensable and required under statute; and such further relief as the Court deems just and equitable.

> **BELL, SHIVAS & FASOLO, P.C.**
> 150 Mineral Springs Drive
> P.O. Box 220
> Rockaway, New Jersey 07866
> T (973) 442-7900
> F (973) 442-7990
>
> Attorneys for Plaintiff
> Candida Garcia
>
> _____
>
> Joseph J. Bell, Esq.

Dated:   May 11, 2016

16

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all issues.

**BELL, SHIVAS & FASOLO, P.C.**
Attorneys for Plaintiff
Candida Garcia

_____
Joseph J. Bell, Esq.

Dated:    May 11, 2016

## DESIGNATION OF TRIAL COUNSEL

Joseph J. Bell, Esq. is designated as trial counsel in this matter on behalf of the Plaintiff.

**BELL, SHIVAS & FASOLO, P.C.**
Attorneys for Plaintiff
Candida Garcia

_____
Joseph J. Bell, Esq.

Dated:    May 11, 2016

## CERTIFICATION

Pursuant to Local Rule 11.2, I certify that the matter in controversy alleged in the foregoing Complaint is not currently being litigated before any Court and the matter is not the subject of any alternative dispute resolution proceedings.

**BELL, SHIVAS & FASOLO, P.C.**
Attorneys for Plaintiff
Candida Garcia

_____
Joseph J. Bell, Esq.

Dated:    May 11, 2016